**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11475

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILBER VIGIL-BENITEZ,
a.k.a. Solitario,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60078-RAR-6

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Wilber Vigil-Benitez appeals his conviction for one count of murder in the aid of racketeering. The conviction arose out of a

murder linked to Vigil-Benitez and four of his codefendants, all of whom were part of -- or seeking entrance to -- La Mara Salvatrucha, the "MS-13" gang.  On appeal, Vigil-Benitez argues that: (1) the district court erred in its jury instructions by giving the wrong legal standard for the motive element of 18 U.S.C. § 1959(a)(1); and (2) the district court abused its discretion by declining to include his requested jury instruction that "mere presence" at the scene of the crime was not sufficient to establish guilt.  After thorough review, we affirm.

## I.

Where the defendant challenges the instructions as read, we review the legal correctness of a jury instruction de novo.  *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).  If a party fails to object to the instructions as read, however, we review for plain error.  *Id.*  "Jury instructions will not be reversed for plain error unless the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice, or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Graham*, 123 F.4th 1197, 1273–74 (11th Cir. 2024) (citation modified).  If a defendant demonstrates plain error, we have the "discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1274.  When a party expressly accepts a jury instruction, that action constitutes invited error, which precludes our review of that issue on appeal.  *United States v. Hill*, 119 F.4th 862, 866 (11th Cir. 2024).

A district court's refusal to give a requested theory-of-defense jury instruction is reviewed for abuse of discretion. *United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008). A challenge to the instructions is preserved if the party objects to the instructions on specific grounds before the jury retires. *United States v. Starke*, 62 F.3d 1374, 1380–81 (11th Cir. 1995). A district court abuses its discretion if "(1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by the charge actually given, and (3) its subject matter dealt with an issue in the trial court that was so important that the failure to give it seriously impaired the defendant's ability to defend himself." *Woodard*, 531 F.3d at 1364 (citation omitted).

A party seeking to raise a claim or issue on appeal must raise it "plainly and prominently" or otherwise the issue is deemed abandoned. *United States v. Brown*, 720 F.3d 1316, 1332 (11th Cir. 2013) (citation modified). "Merely making passing references to a claim under different topical headings is insufficient. Instead, the party must clearly and unambiguously demarcate the specific claim and devote a discrete section of his argument to it." *Id*.

## II.

First, we reject Vigil-Benitez's claim that the district court erred in instructing the jury on motive. "Generally, district courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts, and we will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge

improperly guided the jury in such a substantial way as to violate due process." *Prather*, 205 F.3d at 1270 (citation modified).

Section 1959(a)(1) of Title 18 of the U.S. Code provides that "[w]hoever, . . . for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States, . . . shall be punished . . . by death or life imprisonment." *United States v. Robertson*, 736 F.3d 1317, 1329 (11th Cir. 2013) (quoting 18 U.S.C. § 1959(a)(1)). The motive, or purpose, element is satisfied with evidence "that the defendant committed the violent crime because he knew it was expected of him by reason of his membership in the gang or that he committed the violent crime in furtherance of that membership." *United States v. Dixon*, 901 F.3d 1322, 1342–43 (11th Cir. 2018) (citation modified). "[E]vidence that violence was a part of the group's culture, that the group expected its members to engage in violent acts, or that the defendant reported his actions to prove himself or to brag, supports the inference that the defendant was motivated by his membership." *Id.* at 1343 (citation modified).

Here, the district court instructed the jury about the motive element set forth in § 1959(a)(1) -- that "[t]he Defendant's purpose in committing or conspiring to commit the charged crime of violence was to gain entrance to, or maintain, or increasing position in the enterprise" -- in this way:

> With respect to the [motive] element, the Government must prove beyond a reasonable doubt that the

Defendant's purpose was to gain entrance to, or to maintain, or to increase his position in the enterprise.

It is not necessary for the Government to prove that this motive was the Defendant's sole purpose, or even the primary purpose, in committing the charged crime. You need only find that enhancing his status in the enterprise was a substantial purpose of the Defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.

In determining the Defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

Vigil-Benitez now challenges this instruction on appeal, arguing that it erroneously allowed a jury to convict him even if the murder did not personally advance his position in the MS-13 gang. However, the record reflects that the government submitted this particular jury instruction in their objection to Vigil-Benitez's proposed jury instructions, Vigil-Benitez did not raise or object to it during the charge conference, and Vigil-Benitez stated his agreement with the instructions before the court presented them to the jury. Thus, Vigil-Benitez expressly accepted the jury instruction on motive, his acceptance constitutes invited error, and he has waived his right to appeal the issue. *See Hill*, 119 F.4th at 866.

In any event, even if his argument was properly preserved, his argument would fail because the challenged jury instruction was a correct statement of our law. We've squarely held that the

6                    Opinion of the Court                    25-11475

purpose element of § 1959(a)(1) may be satisfied with evidence that the defendant committed the violent crime because he knew it was expected of him by reason of his gang membership. *See, e.g., Dixon*, 901 F.3d at 1342–43; *Prather*, 205 F.3d at 1270.  Additionally, the government presented ample evidence at trial in support of the instruction, including Vigil-Benitez's own statements and codefendant testimony concerning the membership rules of MS-13 and the expectations of the gang for killing rival gang members to maintain one's position within the gang.  Accordingly, we affirm the district court's jury instruction on motive.[1]

### III.

We are similarly unpersuaded by Vigil-Benitez's argument that the district court abused its discretion by declining to include his requested jury instruction.  "The district court should instruct the jury on the defendant's defense theory if the theory has a foundation in evidence and legal support." *United States v. Ndiaye*, 434 F.3d 1270, 1293 (11th Cir. 2006) (citation omitted).  However, a theory-of-defense instruction is not warranted if "the charge given adequately covers the substance of the requested instruction." *Id.*

Here, Vigil-Benitez asked the district court to instruct the jury on his defense theory of "mere presence," with this language:

---

[1] Further, to the extent Vigil-Benitez seeks to challenge the court's evidentiary finding as to whether a codefendant's statement was hearsay, he abandoned this issue by making only a passing reference to it in his jury instruction argument and by not presenting it as a fully briefed and discrete issue. *See Brown*, 720 F.3d at 1332.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of murder in aid of racketeering activity.

The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator. Simply being present at the scene of a crime or merely associating with certain people and discussing common goals is not sufficient.

The district court declined to issue this instruction, explaining that "mere presence" already was covered in its aiding-and-abetting instruction. The aiding-and-abetting jury instruction read this way:

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the

other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime -- not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

The district court did not abuse its discretion in refusing to give the jury Vigil-Benitez's requested instruction on "mere presence." As the record reveals, the district court gave the jury instructions on aiding and abetting that included language on mere presence, requiring the jury to find that "the Defendant intentionally associated with or participated in the crime -- not just proof that the Defendant was simply present at the scene of a crime or knew about it," and requiring it to "find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator." Moreover, the government presented ample evidence at trial that supported a jury finding that Vigil-Benitez was more than merely present during the murder, including statements by Vigil-Benitez himself that he "maybe" stabbed the victim, as well as statements from his codefendants that they saw him participate in the stabbing. Accordingly, Vigil-Benitez's theory of defense was adequately covered by the court's instructions on aiding

and abetting, and we affirm as to this issue as well.  *See, e.g.*, *Woodard*, 531 F.3d at 1364; *Ndiaye*, 434 F.3d at 1293.

**AFFIRMED.**